UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00816-FDW-DSC

| | | |
|---|---|---|
| PAMELA C. BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL, Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 11) and Defendant's Motion for Summary Judgment (Doc. No. 15). Pursuant to 28 U.S.C. § 636(b)(1)(B), these motions were referred to the magistrate judge for issuance of a Memorandum and Recommendation ("M&R") for disposition (Doc. No. 17). The M&R recommends Plaintiff's Motion for Summary Judgment be granted, Defendant's Motion for Summary Judgment be denied, and the Commissioner's decision be reversed with instructions to remand for further proceedings. Defendant filed objections to the M&R (Doc. No. 18), and Plaintiff filed a response brief (Doc. No. 19). This matter is now ripe for review.

For the reasons set forth, the Court OVERRULES Defendant's objections, ACCEPTS and ADOPTS the M&R, GRANTS Plaintiff's Motion for Summary Judgment, DENIES Defendant's Motion for Summary Judgment, and REVERSES the Commissioner's decision and REMANDS

this matter pursuant to Sentence Four of 42 U.S.C. § 405(g)[1] for proceedings consistent with the M&R and this Order.

## I.    BACKGROUND

Defendant does not lodge any specific objections to the procedural history section contained in the M&R. Indeed, the M&R acknowledged the parties' briefs indicated no dispute over the procedural history of this matter. Therefore, the portion of the M&R entitled "Procedural History" is hereby adopted and incorporated by reference as if fully set forth herein. (Doc. No. 17, p. 2).

## II.    STANDARD OF REVIEW

### A.    Review of a Memorandum and Recommendation

A district court may assign dispositive pretrial matters, including motions for summary judgment, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C.A. § 405.

a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

**B.      Review of a Social Security Appeal**

When reviewing a Social Security disability determination, a reviewing court must "uphold the determination when an [Administrative Law Judge ("ALJ")] has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation marks omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir.2012) (internal quotation marks omitted). In reviewing the record for substantial evidence, the Court does "not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Id. (brackets, citation, and internal quotation marks omitted).

In considering an application for disability benefits, an ALJ uses a five-step sequential process to evaluate the disability claim. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill,

858 F.3d 858, 861 (4th Cir. 2017) (citing Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015));

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one

through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861;

Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

"If the claimant fails to demonstrate she has a disability that meets or medically equals a

listed impairment at step three, the ALJ must assess the claimant's residual functional capacity

("RFC") before proceeding to step four." Lewis, 858 F.3d at 861. Here, the ALJ considers the

claimant's residual functional capacity ("RFC") to determine what is "the most" the claimant "can

still do despite" physical and mental limitations that affect her ability to work. Id. § 416.945(a)(1);

§ 404.1520(a)(4)(iv).

> In making this assessment, the ALJ must first identify the individual's functional
> limitations or restrictions and assess his or her work-related abilities on a function-
> by-function basis, including the functions' listed in the regulations. Only after such
> a function-by-function analysis may an ALJ express RFC in terms of the exertional
> levels of work.

Monroe, 826 F.3d at 179 (citations and quotations omitted). Once the function-by-function

analysis is complete, an ALJ may define the claimant's RFC "in terms of the exertional levels of

work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1.

See generally 20 C.F.R. §§ 404.1567, 416.967 (defining "sedentary, light, medium, heavy, and

very heavy" exertional requirements of work).

> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's]
> medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§
> 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two."
> Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's]
> symptoms, including pain, and the extent to which [her] symptoms can reasonably
> be accepted as consistent with the objective medical evidence and other evidence,"
> 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory
> findings show that [the claimant has] a medically determinable impairment(s) that

could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

After assessing the claimant's RFC, the ALJ continues with the fourth step, where the claimant must establish she is unable to perform past work. Mascio, 780 F.3d at 635.

Lewis, 858 F.3d at 862. If the claimant meets her burden as to past work at step four, the ALJ proceeds to step five.

"At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)]. "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Id.

Lewis, 858 F.3d at 862 (citations and quotations omitted). If the Commissioner meets this burden in step five, the claimant is deemed not disabled, and the benefits application is denied. Id.

### III. ANALYSIS

Relying on the Fourth Circuit case of Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the M&R recommends this Court grant Plaintiff's motion for summary judgment and remand this matter because the ALJ's decision includes an RFC that does not account for a limitation in Plaintiff's ability to work on pace. The Fourth Circuit held in Mascio that "an ALJ does not account 'for a claimant's [moderate] limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011)). In other words, "Mascio held that the ability to perform simple work is not the same as having the ability to *stay on task* during a workday, which is the limitation that would account for a claimant's impairment

in concentration, persistence or pace." Minor v. Berryhill, No. CV 9:17-1087-TMC-BM, 2018 WL 1305181, at *5 (D.S.C. Feb. 20, 2018), report and recommendation adopted, No. CV 9:17-1087-TMC, 2018 WL 1251723 (D.S.C. Mar. 12, 2018) (citing Mascio, 780 F.3d 638).

This Court is not persuaded by Defendant's objections to the M&R. The ALJ here concluded:

> I find that the claimant has the residual function capacity to perform light work as defined in 20 CFR 416.967(b) except must be allowed to alternate between sitting and standing up to 2 times each hour; needs assistive device to ambulate; occasional postural, but must avoid ladders, ropes, scaffolds, unprotected heights and machinery with dangerous parts; frequent, but not continuous handling and fingering with the bilateral hands (fine and gross manipulation); can follow short, simple instructions and perform routine tasks; occasional contact or interactions with coworkers, supervisors, and the public; avoid work environments dealing with crisis situations, complex decision making, or constant changes in a routine setting.

(Tr. 21). In support of the RFC finding, the ALJ referenced two state agency psychological consultants' opinions that Plaintiff had "moderate difficulties in maintaining concentration, persistence, or pace." (Tr. 24). Despite the opinions regarding moderate difficulties, the RFC fails to account for any limitation regarding Plaintiff's ability to stay on pace or otherwise provide an explanation for excluding it from the RFC.

Defendant cites several cases where the courts affirmed an ALJ's decision because the ALJ cited medical opinion evidence in support of the RFC finding. Here, however, the ALJ fell short of clearly explaining such reliance, instead only referencing medical opinions by two state agency psychological consultants and "assign[ing] more weight to their opinions, as they have specialized knowledge in evaluating mental impairments and the listings under the SSA standards for disability." (Tr. 24). The mere mention of opinion evidence from state agency consultants, without more, is an insufficient explanation in light of Mascio. See Herren v. Colvin, No. 1:15-

CV-00002-MOC, 2015 WL 5725903, at *5 (W.D.N.C. Sept. 30, 2015) ("[W]hile the court acknowledges that ALJs may properly rely on function-by-function analyses performed by state agency consultants, the court here finds that the ALJ's 'reliance' on such analysis is implicit at best, given that the ALJ made no mention of such analysis in his decision.").   Here, the ALJ mentioned the state agency consultants, but the ALJ must offer some *explanation of reliance* on medical opinions and medical evidence in the record.  Neufeld v. Colvin, No. 3:15-CV-174-RJC, 2016 WL 3436414, at *5 (W.D.N.C. June 15, 2016) (An ALJ "must make clear to this Court that he considered all of Plaintiff's impairments in formulating the RFC and at steps four and five. . . . [A] necessary predicate for this Court to engage in substantial evidence review is a record that adequately explains the ALJ's findings and reasoning.")   Here, other than referencing the state agency consultants' opinions that Plaintiff had "moderate difficulties in maintaining concentration, persistence, or pace," the ALJ's decision fails to discuss Plaintiff's ability to stay on task for a full workday.  Neufeld, No. 3:15-CV-174-RJC, 2016 WL 3436414, at *4; see also Newton v. Colvin, No. 3:14-cv-371-RJC-DSC, 2015 WL 4411110, at *3 (W.D.N.C. July 20, 2015); Scruggs v. Colvin, No. 3:14-cv-00466-MOC, 2015 WL 2250890, at *4-5 (W.D.N.C. May 13, 2015).

Without this analysis, the Court is left to mine the record for facts to support the ALJ's conclusions and essentially fill in the blanks the ALJ left in her analysis. This, the Court cannot do.  See Brown v. Colvin, No. 14-2106, 2016 WL 502918, at *2 (4th Cir. Feb. 9, 2016); Marshall v. Colvin, No. 3:14-CV-00608-FDW-DSC, 2016 WL 1089698, at *2 (W.D.N.C. Mar. 21, 2016); see also Russell v. Colvin, No. 7:15-CV-434, 2017 WL 818608, at *4 (W.D. Va. Jan. 31, 2017).

Even were it appropriate, a cursory review of the record fails to clarify the issue.  The record indicates both opinions mentioned by the ALJ identically stated:

> The claimant retains the ability to perform work-related tasks. The claimant can sustain adequate C, P, and P throughout the extended day. A more flexible and low demand work environment would be preferable but not required. Ordinary supervision would be required. Psych based s/s will rarely intrude during the usual workday/workweek.

(Tr. 109, 125). The ALJ offered no explanation regarding these statements, thus failing to account for how the claimant's ability to "sustain adequate C, P, and P [concentration, persistence, and pace] throughout the extended day" factored into the RFC or the findings of moderate limitations. In short, the Court concludes the ALJ's RFC determination fails to adequately account for and explain Plaintiff's moderate limitations, particularly as to pace.

This error is not harmless, as this potentially incomplete RFC formed the basis of the hypothetical submitted to the VE, and VE testimony based on incomplete hypotheticals may not provide basis for an ALJ's disability determination. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). In posing hypotheticals to the VE, the ALJ's only stated limitation relevant to Plaintiff's mental abilities was a restriction to "simple, routine, repetitive tasks." (Tr. 158). No mention of "pace" appears. This is precisely the problem identified in Mascio. As noted above, "the ability to perform simple tasks is different from the ability to *stay on task*," such that merely limiting the hypothetical to simple or unskilled work is insufficient. Mascio, 780 F.3d at 638; compare Linares v. Colvin, No. 5:14-CV-00120, 2015 WL 4389533, at *4 (W.D.N.C. July 17, 2015) ("The instant case is distinguishable from Mascio because, here, the ALJ did more than limit Plaintiff to simple, routine tasks or unskilled work; the ALJ limited her to "simple, repetitive, routine tasks in a stable work environment *at a nonproduction pace* with only occasional public contact.") (emphasis added)).

Because neither the ALJ's RFC nor his hypothetical to the VE addresses Plaintiff's ability to stay on task, remand is appropriate. Id.; see also Herren, 2015 WL 5725903, at *6-7; Jones v. Colvin, No. 4:14–CV–00200–RN, 2015 WL 4773542, at *5 (E.D.N.C. Aug. 13, 2015) (collecting cases). On remand, the ALJ can provide an explanation of how Plaintiff's mental limitations affect her ability to perform work-related functions, as well as her ability to perform them for a full workday. See Mascio, 780 F.3d at 638. ("Perhaps the ALJ can explain why Mascio's moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in Mascio's residual functional capacity. For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect Mascio's ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert. But because the ALJ here gave no explanation, a remand is in order.") (internal citation omitted).

The Court explicitly notes that in ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not take a position on the merits of Plaintiff's application for disability benefits. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299, 113 S. Ct. 2625, 2630-31, 125 L.Ed. 2d 239 (1993) (quoting Sullivan v. Hudson, 490 U.S. 877, 892, 109 S.Ct. 2248, 2258, 104 L.Ed.2d 941 (1989)).

## IV.  CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Objections (Doc. No. 18) to the M&R are OVERRULED; the M&R (Doc. No. 17) is affirmed and adopted for the reasons set forth

herein, Plaintiff's Motion for Summary Judgment (Doc. No. 11) is GRANTED; Defendant's

Motion for Summary Judgment (Doc. No. 15) is DENIED; and this matter is REVERSED[2] and

REMANDED.

IT IS SO ORDERED.

Signed: March 19, 2018

Frank D. Whitney
Chief United States District Judge

---

[2] In reversing the Commissioner's decision, as noted above, the Court expresses no opinion on the merits of Plaintiff's claim for disability, and the Court expressly provides that an order of "reversal" here does not mandate a finding of disability on remand. The Court finds the ALJ's decision deficient for the reasons stated herein, and consequently, that decision as written cannot stand. "'The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]'" *Raney v. Berryhill*, No. 3:16-CV-3256-BT, 2018 WL 1305606, at *4 (N.D. Tex. Mar. 12, 2018) (quoting Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) (citing Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985); Dong Sik Kwon v. Immigration & Naturalization Serv., 646 F.2d 909, 916 (5th Cir. 1981)); see also Cole v. Barnhart, 288 F.3d 149, 151 (5th Cir. 2002) ("It is well-established that [the Court] may only affirm the Commissioner's decision on the grounds which [s]he stated for doing so.").